IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STATE OF OHIO,**

    **Plaintiff,**

  vs.                                  **Civil Action 2:15-cv-3084**
                                            **Judge Marbley**
                                            **Magistrate Judge King**

**WESLEY C. VINCENT,**

    **Defendant.**

### REPORT AND RECOMMENDATION

Wesley C. Vincent, a state inmate, seeks to remove a criminal action from the Ross County Court of Common Pleas to this Court without prepayment of fees or costs. *Motion for Leave to Proceed in Forma Pauperis*, ECF No. 1. For the following reasons, it is recommended that the *Motion for Leave to Proceed in Forma Pauperis,* ECF No. 1, be denied and that this action be remanded to the Ross County Court of Common Pleas.

Defendant Vincent was convicted in 1991 on charges of failure to comply, felonious assault, aggravated murder and attempted aggravated burglary; he was sentenced to a maximum term of life in prison. *See Exhibit 1* attached to *Notice of Removal*, ECF No. 1-2. Invoking 28 U.S.C. § 1455, the *Notice of Removal* alleges that defendant Vincent has filed "several Post Trial [motions] to correct two serious errors of law," but that the "Ross County Court of Common Pleas, in conspiracy with the Ross County prosecutor's office has systematically infringed upon Petitioner's right to a fair Trial and an impartial

1

proceeding and/or review of his Motions and Pleadings filed." *Id.* p. 1. Although the relief sought by the removal is not entirely clear, the Court assumes that defendant Vincent wants this Court to grant the relief sought in the "Post Trial [motions]" filed by him in the state court.

A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action." 28 U.S.C. § 1455(a). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). A notice of removal does not prevent the state court from proceeding with its case, 28 U.S.C. § 1455(b)(3), and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). The *Notice of Removal* does not comply with the provisions of this statute.

Defendant Vincent was convicted more than twenty (20) years ago and the *Notice of Removal* was not filed within thirty (30) days of his arraignment. Moreover, defendant Vincent has not shown good cause for not filing the notice in a timely fashion. In any event, however,

2

defendant Vincent has not established cognizable grounds for removal of his state court criminal case to this Court.

Section 1455 establishes only a procedure for the removal of a state court criminal prosecution to a federal court. The statute does not establish substantive grounds for removal, but requires the moving party to provide "a short and plain statement of the grounds for removal." It is 28 U.S.C. § 1443 that governs the removal of criminal prosecutions from state court to federal court.  That statute authorizes the removal of criminal prosecutions under the following circumstances:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Removal of a criminal prosecution pursuant to § 1443(1) must satisfy a two-prong test:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. . . .

> Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)(citations omitted); *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989).

Defendant Vincent does not allege that he has been denied any civil rights on racial grounds or because of his membership in any particular class, nor does he allege that he cannot enforce his federal rights within the context of the state court proceedings or an appeal therefrom. Removal of the action was therefore not authorized under 28 U.S.C. § 1443(1).

Moreover, Subsection 2 of the statute is not applicable here because it applies "only to federal officers and to persons assisting such officers in the performance of their official duties." Greenwood v. Peacock, 384 U.S. 808, 815 (1966).  Defendant is not such a person and the removal of the action was therefore not authorized under 28 U.S.C. § 1443(2).

There is a strong presumption against removal jurisdiction and, "[a]s with any removal statute, the defendant has the burden of establishing that removal is proper." *Conrad v. Robinson*, 871 F.2d at 614. Defendant Vincent has not carried his burden of establishing that removal of this case was proper.


It is therefore **RECOMMENDED** that defendant Vincent's *Motion for Leave to Proceed in Forma Pauperis*, ECF No. 1, be denied and that this action be summarily remanded to the Ross County Court of Common Pleas.

If any party seeks review by the District Judge of this *Report*

4

and *Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

December 28, 2015                                     *s/ Norah McCann King*
                                                      Norah McCann King
                                                      United States Magistrate Judge

5