IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 2:15-CV-3084 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge King |
| WESLEY C. VINCENT, | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Wesley C. Vincent's Objection (Doc. 4) to the United States Magistrate Judge's **Report and Recommendation.**  (Doc. 3.)  On December 28, 2015, the Magistrate Judge issued the Report and Recommendation, recommending that Defendant's Motion to Proceed *In Forma Pauperis* be denied and that this action be summarily remanded to the Ross County Court of Common Pleas.  Having considered Defendant's Objection, the Court **ADOPTS** the Report and Recommendation and **REMANDS** this action to the Ross County Court of Common Pleas.

Vincent, a state inmate, was sentenced to a term of life imprisonment after he was convicted in 1991 on charges of failure to comply, felonious assault, aggravated murder, and attempted aggravated burglary.  (Doc. 1, Ex. 1.)  He filed a notice of removal to this Court on December 15, 2015.  (Doc. 1.)

A defendant may remove a criminal prosecution commenced in a state court to a federal district court only if the suit is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

1

>(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In order to establish the right to removal under § 1443(1), a defendant must allege that he has been denied civil rights because of his race and that he is unable to enforce this right in the state court in question. *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989); *Tenn. Dep't of Children's Servs. v. Winesburgh*, 614 F. App'x 277, 280 (6th Cir. 2015). Only "federal officers and . . . persons assisting such officers in the performance of their official duties" are eligible for removal under § 1443(2). *Greenwood v. Peacock*, 384 U.S. 808, 815 (1966). The defendant bears the burden of establishing that removal is proper. *Conrad*, 871 F.2d at 614.

The Magistrate Judge concluded that Vincent had not met the burden of showing that removal was proper because: (1) he was convicted more than 20 years ago in state court and did not timely file his notice of removal, as required by 28 U.S.C. § 1455(b)(1), which provides that "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except . . . for good cause shown"; and (2) he has not alleged that he has been denied civil rights due to his race or that he was a federal officer or person assisting such officers in the performance of their official duties. (Doc. 3 at 2-4.)

In his objection to the Report and Recommendation, Vincent argues that he is part of the class of "convicted felons" and, therefore, he is permitted to remove his case under § 1443. (Doc. 4 at 1.) But the Supreme Court has concluded that, due to the history of § 1443(1), "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S.

780, 792 (1966).  Accordingly, Vincent's assertion that he has been denied access to the courts due to his status as a convicted felon does not satisfy the requirements of § 1443(1).

Vincent also objects that he was unconstitutionally denied the right to a three-judge panel when a single state trial judge accepted his guilty plea.  (*Id.* at 2.)  Plaintiff apparently believes that he is entitled to appear before a three-judge court, citing a case, *Maryland v. Brown*, 295 F. Supp. 63, 68-69 (D. Md. 1969), which discusses 28 U.S.C. § 2284, the federal statute that provides for a three-judge district court in certain federal proceedings, none of which pertain to Plaintiff's criminal proceeding in state court. Moreover, Vincent does not offer any explanation for why he filed the notice of removal not only later than 30 days after his arraignment, but more than 20 years after he was convicted.  Therefore, this action must be remanded to the state court. *See* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

The Court hereby **OVERRULES** Plaintiff's Objection (Doc. 4) and **ADOPTS** the Report and Recommendation (Doc. 3) based on the independent consideration of the analysis therein. Accordingly, this action is summarily **REMANDED** to the Ross County Court of Common Pleas.

**IT IS SO ORDERED.**

   s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 28, 2016**

3